THE TOWN OF GRANBY *vs.* THURSTON AND OTHERS.

In 1786, the legislature having incorporated the town of G., previously a part of the town of S, and having provided in the act of incorporation, that "the said town of G shall ever hereafter keep and maintain a good and convenient bridge across Farmington river, between Pickerel cove and Windsor line, if ever hereafter ordered by this assembly"—in 1799, passed a resolution by which it was resolved, "That the inhabitants of the town of G do build and hereafter maintain a good and sufficient bridge, at their expense, across said river," referring to the place described in the former resolution, and where it was the dividing line between said towns. Held, that such resolutions were not invalid, either as being unconstitutional, or on the ground that the general assembly had no right to compel the town of G

to support a bridge situated in part, in the town of S ; nor because said resolutions were passed without notice to said town of G ; nor because the towns interested were not legally made parties ; nor because, at the time of passing said resolutions, there was a public statute law in force providing that, where a river is the dividing line between two towns, the bridges across the same, should be supported equally by the two towns.

THIS was a petition to the county court, for the county of Hartford, brought by sundry inhabitants of the towns of Simsbury and Granby, representing that a certain bridge, across Farmington river, had fallen down and become impassable ; that the river, at the point where it was located, was the dividing line between those two towns; and that the town of Granby was, by law, liable to maintain the bridge, but had neglected so to do : praying that an order might be made, pursuant to the provisions of the statute, requiring the defendants to rebuild the bridge.

Upon the hearing, before the county court, the petitioners, in order to show the defendants' liability, offered in evidence a petition to the General Assembly, and a resolution passed therein in 1786, and a subsequent resolution, passed in 1799. By the former, the town of Granby, previously a part of the town of Simsbury, was incorporated into a new town, and among other provisions, in the act of incorporation, is the following : " The said town of Granby shall ever hereafter keep and maintain a good and convenient bridge across said river, between Pickerel cove and Windsor line, if ever hereafter ordered by this assembly."

By the latter resolution it was resolved "that the inhabitants of the town of Granby do build, and hereafter maintain a good and sufficient bridge, at their expense, across said river," referring to the place described in the former resolution. The defendants thereupon built the bridge referred to in the petition, and maintained the same until it was carried away by a recent flood.

To the admission of these documents in evidence, the defendants objected, upon the ground that the resolutions were

unconstitutional and void; that the General Assembly had no right to compel the defendants to support a bridge situated in part in the town of Simsbury; that, at the time of passing these resolutions, there was a public statute law of this state, providing that when a river is the dividing line between two towns, the bridges across the same, should be supported equally by the two towns, and that such public law could not be repealed by a mere resolution.

The county court admitted the 'evidence, and made the required order. The defendants filed a bill of exceptions, and brought the case, by motion in error, to the superior court, where the judgment of the county court was affirmed. The defendants thereupon brought the case upon motion in error, to this court.

*T. C. Perkins* and *Holcomb.*

1. The testimony was inadmissible because the resolutions of the legislature in question, were unconstitutional. Stat. 1786, p. 1.

2. The resolutions were passed without notice to the town of Granby. It can make no difference in principle, that the power to order the bridge in question to be built, was reserved when the town of Granby was incorporated. The act might have been passed as well at any other time.

3. If these are mere resolutions, they can not' repeal, *pro tanto*, the public act in force at the time they were enacted, which imposed the liability on Simsbury. A public act can only be repealed by a public act. If they were public acts, they were repealed by the revision of the statute laws of this state, made in 1849. Rev. Stat., p. 416.

*Phelps* and *R. D. Hubbard.*

1. The legislature had power to divide towns, and therefore had jurisdiction of the matter in controversy.

2. The legislature, in dividing towns, had the right to apportion the corporate property and burthens at its pleasure.

*Hartford Bridge Co.* v. *East Hartford,* 16 Conn. R., 172. And having sole jurisdiction of the apportionment, any mere errors of judgment in the equities of the apportionment, can not be revised, and should not be if they could be.

3. These acts are not void, because passed without notice to Granby. Granby, as subsequently incorporated, was a part of the old town of Simsbury, and as such, constituted a part of the petitioners, and so needed not to be notified. The legislature might, upon resolution, divide a town of its own motion, if the public good required it. The benefits and burthens apportioned, are the counterparts of each other, and a burden is supposed to be imposed in all such cases, in compensation for a benefit conferred.

4. These resolves were not void, as being repugnant to a pre-existing public statute. The statute (Rev. Stat., tit. 24, §2) does not impose a joint liability where "it shall be otherwise agreed by said towns." Granby, by accepting its charter, assented and agreed to the condition of supporting the bridge in question. The legislature may, by a private statute, except from the operation of a public act. 8 Mass. R., 332.

WAITE, C. J. The resolutions, in the present case, were passed long before the adoption of our present constitution. Their validity, therefore, does not depend upon their being in conformity with the provisions of that instrument.

But were it otherwise, and had they been subsequently passed, the result, in our opinion, would be the same. The legislature of this state have immemorially exercised the power of dividing towns at their pleasure, and upon such division, apportioning the common property and common burdens, in such manner as to them shall seem reasonable and equitable.

This principle has been repeatedly recognized by this court. *The Willimantic School Society* v. *The First School Society in Windham,* 14 Conn. R., 469. *The Hartford Bridge Com-*

*pany* v. *East Hartford*, 16 Conn. R., 172. Indeed, the power of the legislature to create new towns, is virtually admitted in the constitution itself, in the section, which allows but one representative to a new town thereafter incorporated. Constitution, art. iii., § 3.

What particular reason may have operated upon the legislature, in imposing upon the town of Granby, the whole burden of making and maintaining the bridge in question, does not appear, nor is it necessary that it should. It is enough that the legislature have made an apportionment of the property and burdens of the old town, as they may have thought proper.

It may have been so made, because it was deemed necessary to equalize the burden of supporting the requisite number of bridges within the limits of the old town, or for some other sufficient reason.

It is said that the resolutions are not binding, because the towns interested were not legally made parties. There might be weight in this objection, were the legislature, in passing them, acting in a judicial capacity. But we know of no law, rendering it necessary to the validity of an act of the legislature, respecting public corporations, such as towns, cities, and school societies, that the corporations interested, should formally be made parties. It may be very proper that they should have notice and an opportunity to be heard, before any action of the legislature is had affecting their rights; and such notice at the present time is generally, in some form, given.

Again, it is said that, as there was a general statute, requiring that all bridges over a river, constituting the dividing line between two towns, should be made and supported at the joint expense of the two towns, it was not competent for the legislature to change that statute by a simple resolution.

But as before remarked, these resolutions were passed long before the adoption of our constitution, and of course, are

Whittlesey v. The H. P. & F. R. R. Co. and others.

not affected by any provisions in that instrument relating to the form of legislative enactments.

But in the present case, no change in the general law was made or contemplated, beyond its operation in reference to a single bridge. In a resolution incorporating a turnpike company, it is often provided that the company shall make and support certain bridges on the. line of their road, which had previously been supported by the towns in which they were situated. Yet no one, to our knowledge, ever claimed that such provision was void because made by a resolution, in opposition to a general statute.

We are therefore of opinion that there is nothing erroneous in the judgment complained of.

In this opinion the other judges concurred, except HINMAN, J., who was disqualified.

Judgment affirmed.